IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:09-501-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EDWARD CHARLES JOHNSON | ) | |
| | ) | |
| _____ | ) | |

The *pro se* defendant, Edward Charles Johnson, has filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] The government has responded and moved for summary judgment, contending that the defendant's motion is untimely and without merit.

After the government moved for summary judgment, the court then issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the defendant of the procedures to be followed by a litigant facing a motion to dismiss or for summary judgment. Despite being granted of extension of time within which to respond, the defendant did not respond to the motion for summary judgment.

After a careful review of the entire record in this case, the court is of the opinion that the motion lacks merit and should be dismissed.

PROCEDURAL BACKGROUND

Following a comprehensive investigation involving numerous federally issued

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

1

wiretaps, Johnson and twenty-nine co-defendants were charged with conspiracy with intent to distribute 50 grams or more of cocaine base, 5 kilograms or more of cocaine, and a quantity of marijuana. They were also charged with numerous substantive drug offenses. With regard to Johnson, the government filed an Information pursuant to 28 U.S.C. § 851, notifying the defendant that he was subject to enhanced penalties based upon his two prior felony drug convictions. Because of this, Johnson faced a statutory mandatory life sentence on Count 1 (conspiracy charge) if convicted.

In December 2009, Johnson entered a guilty plea to Count 90, one of the substantive counts, charging him with possession with intent to distribute and distribution of 5 grams or more of cocaine base. This reduced Johnson's sentence exposure to a mandatory minimum of ten years with a maximum of life. At Johnson's sentencing hearing, which occurred June 2010, this court imposed the statutory mandatory minimum sentence of 120 months with eight years of supervised release to follow. Johnson did not file a notice of appeal.

Johnson filed his § 2255 motion on June 13, 2011, claiming ineffective assistance of counsel. As noted above, the government has responded and moved for summary judgment.

STANDARDS OF LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the

maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

*Summary Judgment*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2) (2009). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir.1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id*. Rather, the

3

nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

*Statute of Limitations*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action. That limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pub.L. No. 104-132, § 105(2).

DISCUSSION

Johnson contends that his court-appointed attorney, James P. Craig, was constitutionally ineffective for failing to request a downward departure for his "extraordinary physical impairment" under § 5H1.4 of the United States Sentencing Guidelines (USSG), based upon his kidney disease and Stage III sarcoidosis. The defendant also contends that

the limited waiver of appeal and waiver of collateral attack rights contained in his plea agreement was "unlawful and against public policy."

In order to prevail on an ineffective assistance claim, the defendant must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He must first demonstrate that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–91. In examining the performance of counsel, there is a strong presumption that his conduct was within the wide range of reasonable professional assistance. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Strickland*, 466 U.S. at 688–89.

In addition to showing ineffective representation, the defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

As the government notes in its memorandum, nothing in the record or in Johnson's § 2255 motion suggests that Johnson would have prevailed on a motion seeking a downward departure under USSG § 5H1.4 for "extraordinary physical impairment." Johnson was sentenced not under the advisory guidelines, but pursuant to the statutory mandatory minimum in this case. Johnson cites no authority for this court to depart below a mandatory minimum established by Congress. Also, as the government points out, Johnson admits that he was diagnosed with his medical ailments four years ago, which means that his medical condition did not prevent him from continuing to sell drugs as the intercepted phone calls in

this case revealed. At the guilty plea colloquy, this court made it clear to Johnson that he faced the statutory mandatory minimum sentence in any event. *See* Hrg. Tn. at 72.

Although a district court has authority to depart below a statutory minimum sentence if the government requests a departure based upon the defendant's substantial assistance, no such request was made in the defendant's case. In fact, Johnson's plea agreement provided that he understood that he received a plea to a lesser substantive count in exchange for his cooperation and in lieu of a departure motion under USSG § 5K1.1.

As a second ground, Johnson contends that the waiver of appeal provision in his plea agreement was unlawful and against public policy. He contends that he did not accept the plea waiver knowingly or intelligently and that the appeal waiver violates public policy.

This court has accepted literally hundreds of guilty pleas with the identical appeal waiver language as that contained in Johnson's plea agreement in this case. The appeal waiver language is specific and self-explanatory. Moreover, this court, as it always does, interrupted the prosecutor when he was reciting the basic terms of the plea agreement at the guilty plea colloquy, and explained the ramifications of the plea waiver to Johnson in open court. This was one of the few paragraphs that the court took pains to emphasize to Johnson during the guilty plea colloquy.

As to the argument that such waivers violate established law or public policy, the Fourth Circuit Court of Appeals has held that a waiver of appeal provision in a valid plea agreement is enforceable, as long as it is the result of a knowing and intelligent decision to forego an appeal. *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). Here, the waiver was clearly the product of a knowing and intelligent decision by Johnson.

CONCLUSION

For all the foregoing reasons, the government's motion for summary judgment (ECF No. 1479) is granted; and the defendant's § 2255 motion (ECF No. 1456) is denied.

It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

December 13, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."