IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:09-501-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| COURTNEY MARKEE GILMORE | ) | |
| _____ | ) | |

Upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the defendant's motion (ECF No.1630) is denied. Amendment 750 has no impact on the defendant's guideline range because he previously received the benefit of the application of a 1 to 1 ratio of crack cocaine to powder cocaine at his sentencing. The defendant's criminal history category was III and his total offense level was 33, resulting in a guideline range of 168 to 210 months. He was sentenced to 168 months imprisonment.

The defendant has already received the benefit of a sentence reduction using a 1 to 1 ratio. Moreover, the Fair Sentencing Act of 2010 (FSA) does not apply to the defendant's case as he was sentenced on June 16, 2010, prior to enactment of the FSA. See *Dorsey v.*

1

*United States*, ___ U.S. ___, 132 S.Ct. 2321 (June 21, 2012), and *United States v. Mouzone*, 687 F.3d 207 (4th Cir. 2012).  Finally, the defendant's conspiracy plea included 500 grams or more of cocaine powder and the statutory mandatory sentence of 10 years for cocaine powder remains unchanged by the FSA.

    IT IS SO ORDERED.

August 24, 2012                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge