IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:09-501-JFA |
|---|---|---|
| v. | ) | ORDER |
| ANTWAN LAMAR NELSON | ) | |

This matter is before the court upon motion of the defendant for a reduction of his term of imprisonment under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 750 of the United States Sentencing Guidelines, the Fair Sentencing Act (FSA) and the recent Supreme Court decision in *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321 (June 21, 2012). For the reasons which follow, the motion is denied.

The defendant pled guilty to a lesser included charge in Count 1 of the Superseding Indictment, which charged a conspiracy to possess with intent to distribute and distribute 5 grams or more of cocaine base and 500 grams or more of cocaine.

The defendant had two prior felony drug convictions which subjected him to enhanced penalties—a minimum sentence of Life—under 21 U.S.C. § 851. However, the government agreed to allow the defendant to plead to the lesser charge included in Count 1 which had the effect of lowering the defendant's statutory range from Life down to a mandatory minimum term of 120 months.

Based upon his prior state convictions, the defendant was classified as a career offender. His amended offense level was 34 (37 base minus 3 for acceptance of responsibility). Coupled with a criminal history category of VI, his resulting guideline range

1

was 262 to 327 months. At his sentencing on January 13, 2011, the court granted a downward departure motion pursuant to U.S.S.G. § 5K1.1 and departed down 3 levels, imposing a sentence of 200 months.

The defendant previously filed a § 3582 motion under Amendment 750 which this court denied in an order filed March 7, 2012 (ECF No. 1620).

First, a proceeding under § 3582(c)(2) is a limited action permitting only a limited adjustment to an otherwise final sentence and not a plenary sentencing proceeding. See *Dillon v. United States*, 130 S. Ct. 2683 (2010). The defendant's statutory mandatory minimum sentence was not a guideline provision, but a statutory requirement. Section 3582 only applies to retroactive *guideline* provision amendments such as Amendment 750. Section 2255, on the other hand, may be used to challenge a *statutory* provision of a sentence. Here, the defendant cannot utilize a § 3582 motion to seek a reduction of his sentence due to an alleged misapplication of a statutory provision. However, even were the defendant to have properly brought such a misapplication of a statutory provision argument via a § 2255 motion, his claim would still fail because his statutory sentence was based on his prior convictions, not the crack cocaine amounts which were changed by the FSA. Moreover, the statutory mandatory minimum penalties for 500 grams of cocaine remain unaffected by the FSA. So, whether he was sentenced before enactment or after the enactment, his sentence is unaffected by the FSA.

To the extent that the defendant relies on the Fair Sentencing Act of 2010 (FSA) and the United States Supreme Court decision in *Dorsey*, the defendant still cannot avail himself

of a reduction in his sentence. Although the *Dorsey* opinion states that if a defendant was sentenced after August 3, 2010 (the date of enactment of the FSA) the new statutory thresholds should apply, it cannot apply to the defendant's sentence because his offense involved 5 grams or more of cocaine base or crack *and* 500 grams or more of cocaine, a quantity which produces the same 120-month mandatory minimum sentence under the FSA. The statutory mandatory minimum sentences for cocaine were not affected by the FSA, only those involving cocaine base or crack. Thus, the defendant's sentence would remain the same and a reduction under the Fair Sentencing Act is not available. Accordingly, the defendant's motion is denied.

    IT IS SO ORDERED.

September 6, 2012                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge