IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:09-501-JFA |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CHRISTOPHER JOHNSON | ) | |
| | ) | |

Before the court is the defendant's motion captioned "Omnibus Motion to Modify 18 U.S.C. § 3582(c)(1)(b) Petitioner for a Writ of Mandamus" (ECF No. 1671). The defendant contends that he meets the conditions required to receive credit for his prior custody as set forth in 18 U.S.C. § 3585(b) because the government manipulated the sentencing dates, and prior counsel failed to object to the Presentence Report (PSR). Essentially, he argues that he should receive credit for time served in state custody because the state charges were relevant conduct.

As an initial matter, the defendant has previously raised, in a letter to the court, the issue that he did not receive credit by the Federal Bureau of Prisons (BOP). The undersigned responded to the defendant's letter on January 26, 2012, apprising him that he must first exhaust his administrative remedies with the BOP before this court can review the matter further under 28 U.S.C. § 2241. In his affidavit dated September 4, 2012, the defendant attests that he has exhausted all his administrative remedies and has provided a copy of the denial of appeal from the BOP. Thus, it appears this matter is properly before the court.

1

Because the defendant is clearly challenging the method his federal sentence is being carried out, the court will construe the defendant's motion as one for relief under 28 U.S.C. § 2241.

PROCEDURAL HISTORY

*The State Convictions*

The defendant was arrested for related state charges on May 11, 2008 and released on bond on June 24, 2008. He was arrested for additional related state charges on December 10, 2008 and was released on bond two days later. On August 14, 2009, the defendant was arrested on federal drug charges and remained in federal custody until October 7, 2009 when he executed a $100,000 secured bond.

On April 28, 2010, while on federal bond, the defendant was taken into state custody for the state charges after he failed to appear for roll call. He was subsequently convicted of the related state charges on July 28, 2010.

The defendant's original federal sentencing hearing was scheduled for July 8, 2010, but was rescheduled after the government learned that the defendant was in state custody after being arrested on a state bench warrant for failing to appear in state court on state drug and weapon charges. The defendant remained in state custody from April 29, 2010 until July 28, 2010 when he was convicted after standing trial on one of the state drug charges.[1] He was sentenced to four years on the state drug charge, which the state court ran concurrent to the four years on the other state drug charge and to the one year on the weapon charge he plead

---

[1] It appears defendant was credited for 152 days in state court on his possession of stolen weapon charge (10-GS-32-2481). PSR at 15.

guilty to after being convicted on the one drug charge. After the sentencing in federal court on August 16, 2010, the defendant was returned to state custody to complete his state sentence. The federal judgment was lodged as a detainer with the state authorities. On November 4, 2011, the defendant was paroled from his state sentence and he began serving his 63 month federal sentence. Thus, it appears that the defendant began receiving credit for his federal sentence on November 4, 2011, and that the BOP has also credited the defendant with 55 days (August 14, 2009 to October 7, 2009) for the time he spend in federal custody prior to making federal bond.

*The Federal Conviction*

In exchange for his cooperation, the government allowed the defendant to plead to a lesser included charge of conspiracy to possess with intent to distribute and distribute 5 grams or more of cocaine base and 500 grams or more of cocaine. This had the effect of reducing the defendant's statutory mandatory minimum sentence from 10 years to 5 years (maximum 40) because the defendant did not have a prior felony drug conviction. The PSR attributed 360 grams of crack cocaine to the defendant, finding a criminal history category of III, for a total offense level of 30 (after a 2-level reduction for acceptance of responsibility). This produced a guideline range of 121 to 151 months. The PSR noted that the provisions of U.S.S.G. § 5G1.3(c) were applicable in this case because the defendant was subject to an undischarged term of imprisonment for state convictions he received on July 28, 2010.

At the rescheduled federal sentencing hearing on August 16, 2010, the court found the defendant in violation of his federal bond, revoked the bond, and estreated $1,000 of the secured bond. In addition, the court disallowed a two-level reduction for acceptance of responsibility in light of the federal bond violation. This raised the defendant's offense level to 32, and with a criminal history category of III, the defendant's guideline range increased to 151 to 188 months. The court then granted a variance from the guidelines by imposing a 1 to 1 ratio between crack cocaine and cocaine which then reduced the range to 60 to 63 months. The court imposed a sentence of 63 months and directed that the federal sentence was consecutive to any undischarged term of imprisonment. The defendant did not file a direct appeal of his sentence.[2]

In his federal Presentence Report (PSR), the defendant's July 2010 state drug convictions were considered relevant conduct and were not assigned criminal history points for that reason. However, the PSR did not find the possession of stolen pistol conviction from state court to be relevant conduct, thus the court imposed the federal sentence to run consecutive to that undischarged term of imprisonment. During the federal sentencing hearing on August 16, 2010, the defendant did not object to the PSR.

U.S.S.G. § 5G1.3(b) addresses the situation in which a defendant is prosecuted in more than one jurisdiction for related conduct. Subsection (c), which is designated as a

---

[2] In paragraph 15 of his plea agreement (ECF No. 821), the defendant agreed to waive the right to contest either his conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel or prosecutorial misconduct.

policy statement, provides that "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). Section 5G1.3(c) first directs courts to consider the factors set forth in 18 U.S.C. § 3553(a). See USSG § 5G1.3(c), cmt. n. 3(A). The court carefully considered these factors and accordingly sentenced the defendant.

Here, the defendant's state drug convictions were counted as relevant conduct. However, the possession of a stolen pistol conviction was not counted as relevant conduct, thus that undischarged sentence was run consecutive to the federal sentence under U.S.S.G. § 5G1.3(c).

To the extent that the defendant contends the government manipulated the timing of the federal sentencing hearing, the court finds this claim to be without merit. The United States Attorney was unaware of the state bench warrant and arrest until July 9, 2010, the day the defendant was scheduled to be sentenced in federal court. As a result of the defendant's own failure to appear in state court and his resulting state court convictions, this court was forced to reschedule the federal sentencing hearing until August 16, 2010. There was no manipulation by the court or the United States Attorney with regard to the sentencing date.

With regard to the defendant's claim that his attorney did not object to the concurrent state sentence issues, such a claim is not properly raised in a § 2241 petition.

For the foregoing reasons, the defendant's motion to receive credit for time served in state custody (ECF No. 1650) is denied.

IT IS SO ORDERED.

January 31, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge